WAILES (McDANIEL v.). See Case No. 8,-746.

---

## Case No. 17,043.
### WAIT v. BULL'S HEAD BANK.
[19 N. B. R. 500.] 1

District Court, S. D. New York. July 15, 1879.

SUIT BY BANKRUPT ASSIGNEE—FRAUDULENT MORTGAGE—EVIDENCE.

[1. A mortgage given by a firm is not fraudulent as to creditors because it in terms adopts a debt incurred by one of the partners in behalf of the firm, and includes that in the mortgage.]

[2. If a mortgage given by a debtor is void under the state law, the property passes to the debtor's assignee in bankruptcy.]

1 [Reprinted by permission.]

[3. A mortgage of manufacturing property was given to secure a pre-existing debt, under an agreement that the mortgagors should remain in possession, and go on with the business, purchasing and working up the necessary materials, and should apply the proceeds first to the expenses of the business, and then to the mortgage debt. The materials to be purchased were a substantial part of the resulting product, and there was no outward showing of a change of possession, nor anything to lead other creditors to suspect that the mortgagors were not working for themselves. Held, that the mortgage was void as to other creditors, as delaying them for the sake of giving the mortgage creditor a possibility merely of payment out of the property.]

J. V. V. Olcott and E. E. Anderson, for complainant.

John H. Glover and R. L. Sweezy, for defendants.

CHOATE, District Judge. The debt for which the mortgage was given was not the individual debt of one of the partners. At the time of the giving of the mortgage, if not before, his obligations to the bank for the use of the firm were adopted by the firm. The mortgage in terms so adopts them. This was no fraud upon creditors any more than a payment by the firm of moneys advanced by a partner for its use would be. If the mortgage was void under the laws of New York, as given to defraud and delay creditors, the property described in it undoubtedly passed to the assignee under the bankrupt law, although the mortgage might not be voidable as made in violation of the provisions of the bankrupt law [of 1867 (14 Stat. 517)]. Platt v. Preston [Case No. 11,219].

The question whether or not the mortgage was void as delaying and defrauding creditors is one of fact to be determined upon all the circumstances of the particular case. In this case I cannot escape the conclusion that it was fraudulent. There was no obvious or apparent change of possession, and the acts of the parties, as shown by the accounts and papers, and the testimony of the officers of the bank, show that, contemporaneously with the execution of the mortgage, it was agreed that the mortgagors should remain in possession, go on with the business so far as to employ workmen, purchase materials and parts of pianos necessary for completing the unfinished pianos, and work up the materials on hand with those thus purchased into new pianos, sell those to be finished, with the approval of the mortgagees, on credit or for cash, and apply the proceeds, first, to the expenses of this business, and then, if any remained, to the mortgage debt. The materials and new parts required to be thus purchased were a substantial part, both in amount and value, of the resulting product. Although the mortgagors agreed to do this as the mortgagees' agents, there was no outward manifestation of a change of possession, nor anything to lead other creditors to suspect that the mortgagors were not working on their own account. The fatal objection to the arrangement was, that it did not secure the application of the mortgaged property to the payment of the

debt immediately, or within a reasonable time. If the business to be carried on with this in view proved unsuccessful, no part of the debt might be paid, and yet all the property be disposed of, and, meanwhile. all other creditors would be delayed for the sake of giving this creditor a possibility, merely, of payment out of the property. Such an arrangement is necessarily void as to creditors, and as any other creditor could before and at the time of the filing of the original bankruptcy petition break it up, the assignee in bankruptcy can recover the property for the benefit of the creditors at large.

It is unnecessary to determine now what part, if any, of the money received by the defendants from the sale of pianos, beyond the sum of five. hundred and ninety-four dollars credited by them, should be regarded as paid to them in discharge thereof. They claim to have applied the rest of the money according to the agreement with the mortgagors. If they have not, it of course must be credited on the mortgage debt, and the evidence of such application is insufficient; but the question will more directly arise if the defendant shall offer to prove its debt.

Decree adjudging the mortgage void, terms of the decree to be settled on notice.